IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHLEEN T. BONNELL, KATHLEEN'S ACADEMY FOR HEALTH AND WELL-BEING, PHOENIX CENTRE, and MARVIN E. HUGHES, Prior Owner of Phoenix Centre, | ) ) ) ) ) ) ) | 4:16CV3005 |
| Plaintiffs, | ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| CITY OF HASTINGS, MARK W EVANS, Hastings Building Inspector, DAVE H PTAK, Hastings City Attorney, and DOES 1 TO 25, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on its own motion. Plaintiff Kathleen T. Bonnell signed the Complaint (Filing No. 1) filed in this case. It appears she purported to sign the Complaint on behalf of herself and also on behalf of another individual and two private companies. An attorney has not entered an appearance in this case.

As a pro se litigant, Bonnell may not represent parties other than herself. *See Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); 28 U.S.C. § 1654. In addition, "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). "[T]he rationale for [this] rule applies equally to all artificial entities." *Rowland*, 506 U.S. at 202.

There is no indication on the record that Bonnell is a licensed attorney. An entity is technically in default absent representation by licensed counsel. *Ackra Direct Mktg.*, 86

F.3d at 857. On the Court's own motion, Bonnell will be given 30 days in which to secure counsel or file an amended complaint that solely states claims on Bonnell's own behalf. Accordingly,

IT IS ORDERED:

1. Within 30 days, Bonnell must secure counsel or file an amended complaint that solely states claims on Bonnel's own behalf.

2. The clerk of the court is directed to set the following pro se case management deadline: February 22, 2016: check for appearance of counsel or amended complaint.

3. Bonnell's request for a restraining order (Filing No. 5) is denied. Even if the Court could grant the requested relief, as explained above, Bonnell may not represent parties other than herself.

DATED this 20th day of January, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge